IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 99-4451 L
c/w 99-4452L, 99-4453 L, 99-4454L, 99-4455L, 99-4456L, 99-4457L, 99-4458L, 99-4459L, 99-44510L, 99-44511L, 00-365L, 00-379L, 00-380L, 00-381L, 00-382L, 00-383L, 00-384L, 00-385L, 00-386L, 00-387L, 00-388L, 00-389L, 00-390L, 00-391L, 00-392L, 00-393L, 00-394L, 00-395L, 00-396L, 00-398L, 00-399L, 00-400L, 00-401L, 05-1353L, 05-1381L, 06-72L

| | |
|---|---|
| JOHN H. BANKS, et al.,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>THE UNITED STATES OF AMERICA,  )<br>  )<br>Defendant.  )<br>_____)<br>EUGENE J. FRETT, Individually and as trustee  )<br>of the Victor J. Horvath and Frances B. Horvath  )<br>Trust, and DONNA P. FRETT,  )<br>  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>THE UNITED STATES OF AMERICA,  )<br>  )<br>Defendant.  )<br>_____) | No. 99-4451 L<br>Chief Judge Emily C. Hewitt<br><br><br><br><br><br><br><br><br>No. 05-1353 L<br>Chief Judge Emily C. Hewitt |

**UNITED STATES' RESPONSE TO
PLAINTIFFS' OBJECTIONS TO UNITED STATES WITNESSES**

Defendant United States of America responds to Plaintiffs' prophylactic objections to testimony from four witnesses the United States may call to testify at the upcoming trial. See "Plaintiffs' Objections to United States Witnesses" ("Plaintiffs' Objections"). Docket No. 451. Plaintiffs interposed these objections initially at the Pretrial Conference held on March 11, 2011, and filed "Plaintiffs' Objections" as directed by the Court's Order dated March 17, 2011. Docket No. 450. As explained below, the objections are without merit. The witnesses should

be permitted to testify consonant with the matters identified for each of them, respectively, in the "United States List of Witnesses." Docket No. 436.

1. Dr. Grahame Larson

Dr. Larson is an expert geomorphologist who testified for the United States in the liability trial held in 2007. Based upon his expert report, featuring a stratigraphy compiled from available information, including well logs, Dr. Larson opined that the shoreline composition – apart from the few properties to the far north of Plaintiffs' zone – was sandy. The United States has retained a different geologic expert, Dr. David Mickelson, for the damages phase of this case. In arriving at his opinions, Dr. Mickelson considered, among other sources of information, the stratigraphy prepared by Dr. Larson. Through their experts' reports and expected testimony, the United States anticipates that Plaintiffs will attempt to undermine Dr. Larson's stratigraphy, as a basis for challenging Dr. Mickelson's opinions.

The United States has listed Dr. Larson specifically and solely as a rebuttal witness. See "United States List of Witnesses." Docket No. 436 at 3. His expected testimony, if any, will rebut only those matters raised by Plaintiffs at trial that relate to his previously disclosed opinions and earlier testimony. He would not testify about new or different opinions, facts, or data. Nonetheless, Plaintiffs contend his potential rebuttal testimony is improper because Dr. Larson "was not disclosed as an expert witness in the damages phase of the trial."

Plaintiffs argument fails because it ignores two points. First, Dr. Larson is, in fact, a previously disclosed expert, one who testified earlier in this case. As a result, all of his opinions and supporting materials have been provided to Plaintiffs and they have had a full opportunity to explore those opinions in Dr. Larson's prior testimony. Moreover, if called, Plaintiffs will have another opportunity to challenge Dr. Larson on cross-examination. Second, Plaintiffs may not

challenge the bases for Dr. Mickelson's opinions by attacking the material relied upon from Dr. Larson and then preclude the United States from presenting rebuttal testimony to correct any misconceptions created by Plaintiffs challenges.  Third, Plaintiffs gloss over the fact that the issue – shoreline composition – to which Dr. Larson opined in the earlier proceedings has been placed again on the table by the Court for the benefit of Plaintiffs.  This means the shoreline composition record remains open, alive, and ready to be added to through additional evidence.

Under these circumstances, given the prior disclosure and full opportunity to challenge Dr. Larson previously and again at this trial, if he testifies, Plaintiffs face no prejudice from the potential testimony of Dr. Larson.   Plaintiffs simply seek an unfair advantage by attacking Dr. Larson's opinions but striving to keep the door closed to legitimate rebuttal.

2.   Dr. James Selegean

Dr. Selegean is a hydraulic engineer for the Detroit District of the United States Corps of Engineers ("Corps").  Plaintiffs object to any attempt by the United States to elicit expert testimony from Dr. Selegean, because he was not disclosed as an expert witness for the damages trial.  The United States does not intend to elicit expert testimony from Dr. Selegean.  Nor do the areas of potential testimony listed for Dr. Selegean suggest that he would testify in an expert capacity.  See "United States List of Witnesses."  Docket No. 436 at 5.  Nonetheless, if in the course of his testimony Dr. Selegean offers opinions that qualify under Fed. R. Evid. 701, such opinions are proper despite the witness having not been proffered as an expert.  The United States does not currently anticipate any such opinions, but Plaintiffs cannot peremptorily preclude such testimony, when it is otherwise proper under the Federal Rules of Evidence.

Dr. Selegean testified as a lay witness at the liability trial about matters related to the construction of the jetties, dredging of the St. Joseph Harbor and placement of the dredged

material, and the Corps' beach nourishment program. Because the Court has afforded Plaintiffs a second opportunity to re-litigate the question of the shoreline composition, many of these matters are again germane in the upcoming trial. This lay testimony is most certainly proper and appropriate given the issues the Court will consider, particularly shoreline composition, at the upcoming trial.

3. Dr. David M. Mickelson

Dr. Mickelson is an expert geomorphologist who specializes in glacial and coastal geomorphology. He has authored an expert report and will testify to his opinions at the damages trial on the issue of shoreline composition. "Plaintiffs' Objections" state that Plaintiffs will request voir dire – something a party can always do when an expert is tendered by an opposing party – and object if Dr. Mickelson testifies outside his area of expertise or uses improper methodology. To date, the only insight gleaned about the essence of Plaintiffs' concerns has come from their incorrect assertion at the Pretrial Conference that Dr. Mickelson's probing of the nearshore lakebed was conducted by using a two to three foot long pole after walking out into the water for two or three feet.[1] Dr. Mickelson is prepared to testify that the methodology of probing the nearshore lakebed is a common accepted practice within his field of expertise as a geomorphologist. Unless or until Plaintiffs identify a basis for excluding Dr. Mickelson's testimony that is supported by something more than passing conjecture, his testimony may not be precluded.

4. Jon Shabica

Jon Shabica is the son of Dr. Charles Shabica, one of Plaintiffs' experts. He and his

---

[1] Dr. Mickelson's expert report describes how he conducted the probes and it explicitly mentions that he used a "10 foot long rod with an open-sided tube on the end."

father operate the consulting firm, Shabica & Associates, Inc., which handles shore protection projects (such as headland beach structures, the approach favored and recommended by Dr. Shabica in this case). Shabica & Associates, Inc., has had an unsuccessful history in obtaining required permits from the State of Michigan to install headland beach structures. The United States included Jon Shabica on its witness list to "testify about the efforts in which he as well as the firm, Shabica & Associates, Inc., undertook to obtain approval for proposed shore protection structures along the coast of Lake Michigan." See "United States List of Witnesses." Docket No. 436 at 5.

Mr. Shabica's testimony will illustrate that the State of Michigan has been reluctant to issue permits for headland beach structures, which is especially relevant in evaluating what kind of shore protection and the associated compensation that Plaintiffs may be awarded by this Court. The testimony of Mr. Shabica is relevant because Plaintiffs contend that the United States should pay for an unnecessarily expensive headland beach shore protection structure – 600 percent greater in cost ($44,000,000.00) than what the United States recommends (approximately $7,000,000.00).

At the Pretrial Conference, Plaintiffs objected to Mr. Shabica's anticipated testimony, contending that evidence of Shabica & Associates efforts is from the early 1990s and, therefore, is too remote in time to the litigation. Plaintiffs' Objections at 2 ("so remote in time that it lacks adequate foundation for the current litigation"). Plaintiffs do not argue, however, that the information is irrelevant. Instead, Plaintiffs pose essentially an objection under Federal Rules of Evidence 403, and appear to imply that the relevant and probative value of the firm's experience with the State of Michigan for its headland beach structures information from the early 1990s is substantially outweighed by remoteness in time. Yet, aside from the naked assertion, Plaintiffs

fail to link this argument to any of the considerations listed in Fed.R.Evid. 403, i.e., danger of unfair prejudice, confusion of the issues, undue delay, waste of time, or needless presentation of cumulative evidence.

In making this argument, Plaintiffs provide an incomplete picture. Through discovery propounded by the United States, Dr. Shabica and his firm provided documents – through Plaintiffs' counsel – that chronicle the firm's recent unsuccessful history with the State of Michigan from 2004 through 2007. The anticipated testimony will also show that this history extends to December 2009. The probative value of this relevant testimony to the Court's determination of shore protection costs is not outweighed, and certainly not substantially outweighed, by the counter considerations set forth in Fed.R.Evid. 403.

## CONCLUSION

Plaintiffs' objections to the four witnesses are not supported by the facts or law and should be denied.

Submitted respectfully this 30th day of March, 2011,

        IGNACIA S. MORENO
        Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division

        *s/Terry M. Petrie*
        TERRY M. PETRIE
        United States Department of Justice
        Environment and Natural Resources Division
        Natural Resources Section
        999 18th Street, South Terrace
        Suite 370
        Denver, Colorado 80202
        Tel: 303-844-1369 / Fax: 303-844-1350
        Terry.Petrie@usdoj.gov

        MARK S. BARRON

                United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
601 D Street NW, Suite 3544B
Washington, DC 20004
Tel: 202-305-0490 / Fax: 202-305-0506
Mark.Barron@usdoj.gov

*Attorneys for the United States*

OF COUNSEL:    Gary W. Segrest
Don C. Erwin
United States Army Corps of Engineers
Office of Counsel
Detroit, Michigan

CERTIFICATE OF SERVICE

    I certify that I have served a copy of "UNITED STATES' RESPONSE TO PLAINTIFFS' OBJECTIONS TO UNITED STATES WITNESSES" by electronic filing with the United States Court of Federal Claims on March 30, 2011 on:

>Mark E. Christensen
>John Ehret
>Christensen & Ehret
>Attorneys at Law
>222 West Adams Street
>21st Floor
>Chicago, IL 60606
>
>Eugene J. Frett
>Sperling & Slater, P.C.
>53 West Monroe Street
>Suite 3200
>Chicago, IL 60603
>
>*s/Terry M. Petrie*
>Terry M. Petrie